UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOS PARLIONAS, <br><br> Plaintiff, <br><br><br> -against- <br><br><br> THE CITY OF NEW YORK, POLICE OFFICER CHRISTINA PALMIERI, Tax Registry No. 953213, POLICE OFFICERS "JOHN DOES" (whose identities are unknown but who are known to be police officers and/or supervisory personnel of the New York City Police Department), in their individual and official capacities and EVANGELIA PARLIONAS, <br><br><br> Defendant(s). | **VERIFIED COMPLAINT** <br><br> Civil Action No.: <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff, CHRISTOS PARLIONAS, by and through his attorneys, THE LAW OFFICE OF GEORGE STAVROPOULOS, P.L.L.C., as and for his Complaint against Defendants respectfully state and alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1.     This is a Civil Action seeking monetary relief, including economic loss, compensatory damages, punitive damages, disbursements, costs and legal fees for Defendants' violations of Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and his rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and the laws of the State of New York.  The Plaintiff was deprived of his constitutional

and common law rights when the Defendants purposefully and maliciously provided false information that caused Plaintiffs unjustifiable arrest, unlawful confinement and prosecution and having knowingly done so without just cause or lawful authority.

## JURISDICTION AND VENUE

2.       That this action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4) and the aforementioned statutory and constitutional provisions and the common law.

3.       Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derives from the same nucleus of operative facts and are part of the same cause and controversy that give rise to the federally based claims for relief.

4.       That the venue herein is proper under 28 U.S.C. § 1391(a),(b) and (c), as the acts complained of occurred in the State of New York, County of Queens.

## JURY DEMAND

5.       Plaintiff's demand a trial by jury in this action on each and every one of their claims.

## PARTIES

6.       That during all times mentioned in this Complaint, the Plaintiff, CHRISTOS PARLIONAS (hereinafter referred to as "Christos" or the "Plaintiff"), was and is a citizen of the United States, residing in the County of Queens, City and State of New York.

7.     The Defendant, THE CITY OF NEW YORK (hereinafter referred to as "City") is a municipal entity created and authorized under the laws of the State of New York.  Defendant City is authorized by law to maintain a police department, The New York City Police Department (hereinafter referred to as "NYPD") which maintains a police force which acts as its agent in the area of law enforcement.

8.     That during all times stated herein, Defendant, POLICE OFFICER CHRISTINA PALMIERI, Tax Registry No. 953213 (hereinafter referred to as "Officer Palmieri") was and still is a police officer employed by the Defendant City and the NYPD.

9.     That during all times stated herein, Defendant, POLICE OFFICERS "JOHN DOES" (hereinafter referred to as "Officer Does") were and still are police officers employed by the Defendant City and the NYPD.

10.     That at all times hereinafter mentioned, Defendant, Officer Palmieri was acting in her official capacity as a New York City police officer, was employed by and an agent of the Defendants the City and the NYPD, and was acting under the direction, supervision and control of the City and the NYPD.

11.     That at all times hereinafter mentioned in this Complaint, Defendant EVANGELIA PARLIONAS (hereinafter referred to as "Evangelia"), was and is a citizen of the United States, residing in the County of Queens, City and State of New York.

12.     That during all times mentioned in this Complaint, the City, Officer Palmieri and the NYPD were acting under color of law, to wit, under color of Constitution, statutes, ordinances, laws, rules, regulations, policies, customs, and usages of the State of New York and/or The City of New York.

13.     That during all times mentioned in this Complaint, the Defendants, and each of them separately and in concert, engaged in acts of misfeasance and/or malfeasance, which constituted in the deprivation of the constitutional rights, privileges, and immunities of the Plaintiff.

14.     That the Defendant, Evangelia, had no justification or excuse in law to provide false statements and/or documents to the NYPD and Officer Palmieri which were gratuitous, illegal, improper, without any tangible truth and unrelated to any activity in which law enforcement officers may appropriately and legally arrest, confine and prosecute Plaintiff in the course of protecting persons and property or ensuring civil order.

15.     That the Defendants, City and the NYPD, at all times relevant to this action had the power and the duty to restrain Defendant, Officer Palmieri and other employees of the Defendant City and the NYPD, so as to prevent them from violating the law and the rights of the Plaintiff, but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants and thereby became a party to the unwarranted harm, arrest, detention, imprisonment, and denial of basic rights.

## FACTUAL ALLEGATIONS

16.     That on or about July 1, 2016, between 2:15 p.m. and 2:18 p.m., Christos was the lawful operator of a motor vehicle in the County of Queens, City and State of New York.

17.     That after leaving from a business meeting at an office located a few streets away from the premises in question, 24-38 47th Street, in the County of Queens, City and State of New York (hereinafter referred to as the "Premises"), Christos drove by the Premises.

18.     That while driving by the Premises, between approximately 2:15 p.m. and 2:18 p.m., Christos slowed down his vehicle because he recognized the name of the business dis-

played on the exterior wall of the Premises which bore the name of his father's former employee that had stolen clients, equipment, inventory and money from his father's business and unbeknownst to Plaintiff had started a competing business at that Premises.

19.     That after slowing his vehicle down in front of the Premises, Christos continued driving to his destination.

20.     That on July 7, 2016 at approximately 12:15 p.m., almost 6 entire days after Christos drove by the premises, Defendant, Evangelia, went to the 114th Precinct of the NYPD and filed a Domestic Incident Report (hereinafter referred to as the "Incident Report") against Christos for allegedly violating a court order of protection (hereinafter referred to as the "Order of Protection") dated January 12, 2016 issued by the Honorable Judge Morris of the Criminal Court of the City of New York, County of Queens.

21.     On that date, the Court explained to Plaintiff the meaning of the Order of Protection and its requirements, the Court and Plaintiff signed the Order of Protection that day and Plaintiff was given a copy.

22.     That the January 12, 2016 Order of Protection stemmed from cross complaints filed by Christos and Evangelia resulting from a domestic incident involving the Plaintiff who was 17 years old at the time and his sister, Defendant, Evangelia, who was 20 years older than Plaintiff.

23.     That the initial domestic incident stemmed from the divorce of their parents, which continues to be litigated, and was the cause of Defendant, Evangelia, to become estranged from her father and side with her mother and Plaintiff, Christos and his brother, to become estranged from their mother and side with their father.

24.     That the unlawful acts committed by Evangelia were done knowingly and with malicious intent solely for the benefit of her mother's matrimonial case and in complete disregard for her 17 year old brother Christos' rights, safety and well-being.

25.     That the Order of Protection required, *inter alia,* that Christos was to stay away from Evangelia's home, business, school and place of employment.

26.     That the Order of Protection did not specify the address of the prohibited locations nor did it provide a distance that Plaintiff was required to stay away from said locations.

27.     That at the time of the issuance of the Order of Protection Evangelia's business was located in a family owned warehouse.

28.     That Evangelia subsequently relocated her business to an undisclosed location and no longer maintained a presence at the family owned warehouse.

29.     That at no time on or prior to July 1, 2016 was Christos aware of the address or even the general location of Evangelia's home, business, school or place of employment.

30.     That at the time Christos drove by the Premises, he was unaware that it was Evangelia's alleged place of employment and there was no indication from the looks of the premises via sign, insignia or otherwise that it was Evangelia's place of business, nor was she present at the location within Plaintiff's view.

31.     That in the Incident Report filed by Defendant, Evangelia, she knowingly, falsely and deceptively alleged at various times and in conflicting statements that she was present at the Premises at the time Christos drove by, that Christos pulled into the driveway of the Premises after circling the block on which the premises is located, and that plaintiff was staring out of his

car window into the premises causing Evanglia to feel an immediate threat to her safety by Plaintif's alleged acts.

32.     That as a result of the false Incident Report, Christos was arrested at approximately 9:50 a.m. on July 12, 2016 by Officer Palmieri.

33.     That Christos was arrested and forcibly restrained.

34.     That Officer Palmieri intentionally, negligently, and recklessly used excessive force and applied unnecessary painful pressure to plaintiff's hands, which were in handcuffs.

35.     That when plaintiff cried out in pain and explained to Officer Palmieri that she was causing him pain, Officer Palmieri continued to assault plaintiff by using great and unnecessary force and holding plaintiff against his will, twisted the plaintiff's arms and eventually handcuffing the plaintiff's arms behind his back and then intentionally intensifying the pain aforesaid.

36.     That plaintiff was wrongfully brutalized, searched, teased, arrested, and falsely and maliciously charged with criminal conduct.

37.     That the plaintiff was processed at the City's 114th Precinct.

38.     Thereafter, plaintiff was, without legal justification, held by NYPD at the 114th Precinct to await arraignment with deliberate indifference to his innocence.

39.     That at no time was the plaintiff read his Miranda rights and at no time did plaintiff resist arrest or detention in any fashion.

40.     That Plaintiff was arrested fourteen days after the alleged violation of the Order of Protection and six days after the date Defendant, Evangelia, knowingly and illegally filed a false police report wherein she provided information and statements to support her false allegations

that were never investigated or even simply verified by Defendants in the six days prior to Plaintiff's arrest.

41.     That affiant spoke to Officer Palmieri while Plaintiff was being processed at the 114th Precinct and was told by her that despite her opinion that it was a "weak case" that she still had to arrest Plaintiff even after she confirmed that nothing had been done to verify Evangelia's allegations or investigate the case in the six days before Plaintiff's arrest.

42.     That Plaintiff was arraigned and then released at approximately 8:00 p.m. on July 12, 2016, in the Criminal Court of the City of New York, County of Queens.

43.     That the accusatory instrument charged Christos with allegedly violating the order of protection, specifically; 1)  Criminal contempt in the second degree in violation of New York Penal Law 215.50(3) and 2)  harassment in the second degree in violation of Penal Law 240.26(1).

44.     That the accusatory instrument did not allege that Christos saw or even knew that Evangelia was present at the warehouse or that he knew that it was her place of business when he drove by the premises.

45.     That as a result of said arrest, Christos was forced to retain this office to make multiple court appearances and in order to defend himself against the utterly baseless and meritless criminal allegations brought forth against him; *People of the State of New York v. Christos Parlionas*, Docket No.: 2016QN031191.

46.     That on November 4, 2016, this office filed a motion in the criminal proceedings against Christos to dismiss the complaint in its entirety on the grounds that the accusatory instrument was facially insufficient.

47.     That by virtue of the Queens County District Attorney and at the urging of the Court, the charges against Christos were dismissed by motion of the District Attorney's Office because Judge Hart, Part AP1, noted on the record that the District Attorney's Office did not oppose Plaintiff's motion but most importantly that the order of protection failed to specify a specific distance that Christos had to stay away from Evangelia's home, business, school or place of employment and did not specify an address for her place of business, among other reasons.

48.     That the Plaintiff was subjected to false allegations of criminal conduct and was denied his constitutional right of due process and equal protection under the law as well as other rights.

49.     That the false accusations, false arrest, wrongful imprisonment and other wrongful acts brought to bear against the Plaintiff by the Defendants Officer Palmieri, John Does and Evangelia constituted unreasonable force, as well as abuse of process, abuse of authority, violation of law, and violation of police procedures were utterly lacking in probable cause that caused harm and damage to the plaintiff.

50.     That such actions were negligent, reckless, malicious, unreasonable, and unauthorized.

51.     That Officer Palmieri had a duty as a law enforcement officer to prevent Plaintiff from being falsely arrested, wrongfully imprisoned, but instead she failed to prevent same and breached her duty and also failed to make reasonable inquiry, failed to investigate, failed to collect and document evidence, and failed to protect plaintiff's rights despite her ability to do so.

52.     That as a consequence of the City, Officer Palmieri, John Does and Evangelia's wrongful actions, negligent behavior in violation of state and federal laws, Plaintiff was deprived

of his freedom for an unconscionable period of time, was deprived of his right to free speech, was physically injured, was subjected to unlawful search and seizure, and he sustained great fear, embarrassment, personal humiliation, degradation, deprivation of liberty and economic loss to his business and had to retain an attorney.  All of these are rights secured to Plaintiff by the Due Process Clause of the First and Fourteenth Amendments of the United States Constitution, as well as the Equal Protection Clause of the Fourteenth Amendment, and by 42 U.S.C. §§ 1981, 1983, 1985, 1986, as well as related and applicable New York State common law claims.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CHRISTOS PARLIONAS' FOURTH AMENDMENT AND FOUR-TEENTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983

53.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54.     Defendants, who were acting in concert and within the scope of their authority, arrested and caused Plaintiff to be imprisoned without probable cause in violation of his right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

55.     Plaintiff suffered injury as a result of Defendants' conduct.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CHRISTOS PARLIONAS' FOURTH AMENDMENT RIGHTS UNDER 42 U.S.C. § 1983

56.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

57.     The use of excessive force by the Defendants, acting in concert, in grabbing, pulling, pushing, and forcibly restraining Plaintiff Christos Parlionas was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States.

58.     Plaintiff suffered injuries as a result of Defendants' conduct.

### THIRD CLAIM FOR RELIEF

### SUPERVISORY LIABILITY FOR DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

59.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

60.     Defendant Officer Palmieri, John Does and other supervisory employees of Defendant, NYPD personally caused Plaintiff's constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61.     The supervisory employees were personally involved in either ordering, or failing to take preventative and remedial measures to guard against Plaintiff's constitutional deprivations and knew, or in the exercise of due diligence, should have known that the actions taken against Plaintiff by the named individual police officer was likely to result in a violation of Plaintiff's rights.

62.     The failure of the Defendant, NYPD to train, supervise and/or discipline Officer Palmieri with respect to the constitutional rights of civilians amounted to deliberate indifference or intentional misconduct which directly and proximately caused the injuries and damages to the Plaintiff set forth herein.

## FOURTH CLAIM FOR RELIEF

## FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983

63.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

64.     Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian or falsely arresting a civilian.

65.     The Defendants were present during the above-described incident and witnessed the unlawful arrest of Plaintiff.

66.     Defendant Evangelia's allegations were clearly suspect at best and yet Defendants, NYPD and Officer Palmieri who admittedly believed the charges to be weak failed to take any action or make any effort to intervene, prevent, halt or protect Plaintiff from the unlawful conduct described herein.

67.     As a result of the foregoing, Plaintiff feared for his safety, and was humiliated and subjected to unjustified force, physical abuse, and unconstitutional arrest.

## FOURTH CLAIM FOR RELIEF

## MONELL CLAIM AGAINST DEFENDANT CITY UNDER 42 U.S.C. § 1983

68.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

69.     At all relevant times herein, Defendant CITY, acting through its agency, the NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to Plaintiffs constitutional rights.

70.     All of the acts and omissions by the NYPD, John Does and named individual police officer Defendants described above were carried out pursuant to overlapping policies, customs, and practices of the CITY which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent, and cooperation and under the supervisory authority of the Defendant CITY and its agency, the NYPD.

71.     Defendant CITY and the NYPD, by their policy-making agents, servants, and employees, authorized, sanctioned and/or ratified the individual Defendants wrongful acts; and/or failed to prevent or stop those acts; and/or allowed or encouraged those acts to continue.

72.     The unconstitutional acts complained of herein were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

73.     The aforementioned customs, practices, procedures, and rules of the CITY and the NYPD include, but are not limited to the following unconstitutional practices: (a) arresting persons known to be innocent, or without probable cause or legal authority; (b) use of excessive force on individuals, including, but not limited to, individuals who have already been handcuffed or otherwise restrained or compliant; (c) engaging in systemic and ubiquitous perjury, both oral and written, to cover up constitutional and state law violations committed against civilians by either themselves or their fellow officers, supervisors, or subordinates; (d) failing to supervise, train, instruct, or discipline police officers and encouraging misconduct; (e) discouraging police

officers from reporting the corrupt or unlawful acts of other police officers and encouraging a

code of silence wherein police officers refuse to report other officers' misconduct or tell false or

incomplete stores, inter alia, in sworn testimony, official reports, statements to the Civilian

Complaint Review Board ("CCRB"), and the Internal Affairs Bureau ("IAB"), and in public

statements designed to cover up and/or falsely exonerate accused police officers; and; (g) failing

to intervene to prevent the above-mentioned practices when they reasonably could have been

prevented by a supervisor or other agent or employee of the NYPD.

74.     At the time of the aforementioned constitutional violations, the CITY and the

NYPD were and had been on notice of such unconstitutional conduct, customs, and de facto pol-

icies, such that the failure of the defendant CITY and the NYPD to take appropriate remedial ac-

tion amounted to deliberate indifference to the constitutional rights of persons with whom the

police come in contact. In light of the extensive pattern of well-settled, pervasive customs and

policies causing constitutional violations, documented in part infra, the need for more effective

supervision and other remedial measures was patently obvious. However, the CITY and the

NYPD made no meaningful attempt to prevent future constitutional violations.

75.     The existence of aforesaid unconstitutional customs and polices may be inferred

from repeated occurrences of similar wrongful conduct, as documented by recent civil rights ac-

tions filed against the CITY and parallel prosecutions of NYPD police officers:

a. Long v. City of New York, 09-CV-6099 (AJK) (S.D.N.Y.) (officer who purposefully
swore out a false complaint and used excessive force is convicted of falsifying police records and
was prosecuted for recklessly using physical force);

b. McNamara v. City of New York, 04-CV-9216 (RJS) (JCF) (S.D.N.Y.) (evidence of
perjured sworn statements systematically provided by officers to attempt to cover-up or justify
unlawful mass arrests of approximately 1800 people during the 2004 Republican National Con-
vention);

    c. Thompson v. City of New York, 10-CV-3603 (ARR) (SMG) (E.D.N.Y.) (while ar-
restee is handcuffed and compliant, police officer use an expandable metal baton to beat plaintiff
and also spray Mace in his face without cause);

    d. Ashe v. City of New York, 09-CV9696 (GBD) (THK) (S.D.N.Y.) (police officers beat
and use Mace upon arrestees even though they were already handcuffed and compliant);

    e. Colon v. City of New York, 09-CV-0008 (JBW) (E.D.N.Y.): In an Order dated No-
vember 29, 2009 denying the City's motion to dismiss on Iqbal/Twombly grounds, wherein the
police officers at issue were prosecuted for falsifying evidence, the Honorable Jack B. Weinstein
wrote:

> Informal inquiry by the court and among the judges of this
> court, as well as knowledge of cases in other federal and state
> courts, has revealed anecdotal evidence of repeated, widespread
> falsification by arresting police officers of the New York City Po-
> lice Department. Despite numerous inquiries by commissions and
> strong reported efforts by the present administration – through se-
> lection of candidates for the police force stressing…serious train-
> ing to avoid constitutional violations, and strong disciplinary ac-
> tion within the department – there is some evidence of an attitude
> among officers that is sufficiently widespread to constitute a cus-
> tom or policy by the city approving illegal conduct of the kind now
> charged.

    76.    The existence of the aforesaid unconstitutional customs and practices, specifically
with respect to the failure to supervise, train, instruct and discipline police officers and encourag-
ing their misconduct, and exhibiting deliberate indifference towards the constitutional rights of
persons with whom officers come into contact are further evidenced, inter alia, by the following:

    a. In response to the Honorable Judge Weinstein's ruling in Colon v. City of New York,
supra, in which he noted a "widespread…custom or policy by the city approving illegal conduct"
such as lying under oath and false swearing, the NYPD Commissioner acknowledged, "[w]hen it
happens, it's not for personal gain. It's more for convenience."1

    b. With respect to Fourth Amendment violations, in Ligon v. City of New York, 2013
WL 628534 (Feb. 14, 2013), Judge Scheindlin found that plaintiffs challenging allegedly uncon-

stitutional policies and practices of the NYPD had shown "a clear likelihood of proving deliber-

ate indifference under any of the prevailing ways of framing that standard," including failure to

train and constructive acquiescence. Judge Scheindlin specifically rejected the NYPD's argu-

ment the broad, general remedial measures taken in 2012 was meaning action rebutting a finding

of deliberate indifference.

77.     The existence of the above-described unlawful de facto policies and/or wide-

spread customs and practices is known to, encouraged and/or condoned by supervisory and poli-

cy-making officers and officials of the CITY and the NYPD.

78.     Despite knowledge of such unlawful de facto policies, practices and/or customs,

the supervisory and policy-making officers and officials of the NYPD and defendant CITY have

not taken steps to terminate these policies, practices and/or customs, do not discipline individuals

who engage in such policies, practices and/or customs, or otherwise properly train, screen, and/or

hire police officers who dutifully adhere to constitutional and statutory limits on the exercise of

their authority, and instead sanction and ratify these policies, practices and/or customs through

their active encouragement of, deliberate indifference to and/or reckless disregard of the effect of

said policies, practices, and/or customs upon the constitutional rights of individuals in the City of

New York.

79.     That upon information and belief, there are specific systematic flaws in the

NYPD's misconduct, review process, including, but not limited to the instant case where the po-

lice officers uncritically and blindly relied on Evangelia's complaints in the incident report as a

basis for an unlawful arrest without the City, NYPD, and Officer Palmieri conducting due dili-

gence in investigating the circumstances surrounding the incident report before unlawfully

charging and arresting the plaintiff with criminal activity.

80.     That the foregoing acts, omissions, systematic flaws, policies, and customs of the City causes police officers of the City to believe that said improper actions would not be aggressively, thoroughly, and promptly investigated with the foreseeable result that officers are more likely to act inappropriately.

81.     The Defendant CITY knew or should have known that the acts alleged herein would deprive Plaintiff of his rights, in violation of the Constitutional rights protected under Federal and State law.  All of these rights are secured to Plaintiff by the provisions of the Fourth and Sixth Amendments of the Constitution of the United States of America, the Due Process Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States of America, and by 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and the laws of the State of New York.

82.     The aforementioned CITY policies, practices, and/or customs of failing to supervise, train, hire, screen and/or instruct and discipline police officers and encouraging their misconduct are evidenced by the police misconduct detailed herein. Specifically, pursuant to the aforementioned CITY policies, practices and/or customs, Defendants felt empowered to unlawfully seize Plaintiff, Christos Parlionas, without probable cause or legal authority, and to unlawfully arrest and physically abuse Plaintiff without probable cause and then permit Defendant, Evangelia, to fabricate a allegations without verifying or investigating said allegations over the course of six days and to swear to a false story insufficient to garner charges knowing that the "weak case" would result in blatant violations of Plaintiff's constitutional rights. Pursuant to the aforementioned CITY policies, practices and/or customs, the officers failed to intervene in or report Defendants' violations of Plaintiffs' rights.

83.     Plaintiff's injuries were a direct and proximate result of the Defendant CITY and its agency, the NYPD's wrongful de facto policies and/or well-settled and widespread customs and practices, and of the knowing and repeated failure of the Defendant CITY and the NYPD to properly supervise, train, and discipline their police officers.

84.     Defendant CITY is directly liable and responsible for the acts of the Individual Defendants because the CITY repeatedly and knowingly failed to properly supervise, train, in-spect, instruct, and discipline them, and because it repeatedly and knowingly failed to enforce the rules and regulations of the NYPD, and to require compliance with the constitutions and laws of the United States and the State of New York.

85.     As a result of the foregoing, Plaintiff feared for his safety, was deprived of his liberty, subjected to unjustified excessive force, physical abuse, and unlawful arrest. Plaintiffs sustained physical, psychological and emotional injury, humiliation, costs and expenses and suf-fered damages and injuries.

## FIFTH CLAIM FOR RELIEF

## NEGLIGENCE AS TO CITY, NYPD, OFFICER PALMIERI AND EVANGELIA

86.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

87.     That the City, NYPD, and Officer Palmieri had a duty under 42 U.S.C. §§ 1983, 1985, and 1986, as well as under the Fourth, Fifth, Eighth, and Fourteenth Amendments, and their own rules and regulations, to prevent and cease the wrongful detainment, false arrest, false imprisonment, malicious and false charging and prosecution, as well as a duty to investigate, su-

pervise, and discipline Officer Palmieri, and prevent other wrongful acts that were committed against Plaintiff, Christos.

88.     That in actively inflicting and failing to prevent the above stated abuses incurred by Christos, all of the Defendants acted unreasonably, recklessly, and negligently, in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of the plaintiff against illegal searches, seizures, detained custody and arrest without Miranda warnings, and other due process violations.  Said rights are guaranteed to the Plaintiff by 42 U.S.C. §§ 2983, 2985, and by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States of America.

89.     That the breach of duty under 42 U.S.C. § 1986 by City, NYPD, and Officer Palmieri, was a direct and proximate cause of the harm suffered by Plaintiff.  Said harm includes physical harm, pain and suffering, which continues to this day monetary expenses, lost wages and legal costs, personal humiliation, damages to reputation and loss of standing in the community, and to fear physical, emotional, and psychological damage resulting in the need to seek professional counseling for the trauma which he incurred.

90.     That by reason of the foregoing, plaintiff has been placed in fear of his life, exposed to disgrace, public humiliation, and embarrassment, and has been damaged.

## SIXTH CLAIM FOR RELIEF

## MALICIOUS PROSECUTION CLAIM AS TO EVANGELIA

91.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

92.     That on July 6, 2016, Evangelia commenced a false and malicious prosecution against Plaintiff by unlawfully falsifying an NYPD Incident Report, stating that Christos had violated the Order of Protection and that as a result Evangelia had felt a threat to her safety.

93.     As a result of the false incident report filed by Evangelia, Plaintiff was wrongfully and unlawfully detained and arrested by Officer Palmieri under the supervision of the NYPD. Upon the reliance of the unverified misinformation provided by Evangelia, a false arrest report was created by the NYPD.

94.     Evangelia's factual allegations were inconsistent and as such lacked a credible basis to establish probable cause, as she was or was not present at the place of her employment when Christos drove by, depending on the interpretation of the different statements, and she willfully misrepresented the language of the order of protection when she stated that Christos was required to remain 100 yards away from the Premises in question.

95.     That as a result of said false arrest, plaintiff suffered and continues to suffer pain, great emotional and psychological harm, anxiety, and personal fear, all due to the callous indifference of said Defendants false allegations and unlawfully falsified police report resulting in the arrest of plaintiff, and requiring him to defend against false charges.

96.     That by reason of the foregoing, plaintiff has been placed in fear go his life, exposed to disgrace, public humiliation, and embarrassment, and has been damaged.

## SEVENTH CLAIM FOR RELIEF

## FALSE IMPRISONMENT CLAIM AS TO EVANGELIA

97.     Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

98.     That Evangelia willfully, knowingly, intentionally, and recklessly, on July 12, 2016, reported to Officer Palmieri of the NYPD that the Plaintiff willfully and knowingly violated an Order of Protection, that resulted in the unlawful arrest of the Plaintiff.

99.     That Evangelia committed said acts for the reckless, intentional, and willful purpose of incarcerating the Plaintiff in hopes of said arrest benefitting her mother's matrimonial case.  In doing so, Evangelia offered Officer Palmieri false statements to induce the arrest and false imprisonment of the Plaintiff.

100.    That as a result of said false arrest, Plaintiff suffered and continues to suffer pain, great emotional and psychological harm, anxiety, and personal fear, all due to the callous indifference of said defendants falsely arresting Plaintiff, and requiring him to defend against false charges.

101.    That by reason of the foregoing, plaintiff has been placed in fear go his life, exposed to disgrace, public humiliation, and embarrassment, and has been damaged.

## EIGHTH CLAIM FOR RELIEF

## PUNITIVE DAMAGES AGAINST ALL INDIVIDUAL DEFENDANTS ARE WARRANTED AND APPROPRIATE

102.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

103.    The acts of the Individual Defendants, Officer Palmieri and Evangelia were willful, wanton, malicious and oppressive, and were motivated solely by a desire to harm Plaintiff,

without regard for Plaintiffs' well-being, and were based on a lack of concern and ill-will to-wards Plaintiff.

**PRAYER FOR RELIEF WHEREFORE**, Plaintiff, Christos Parlionas, prays for relief as follows:

A. That the jury find and the Court adjudge and decree that Plaintiff, Christos Parlionas, shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

B. That the Plaintiffs recover the cost of this suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

C. That the Plaintiffs have such other and further relief as the Court shall deem just and proper.

Dated: Brooklyn, New York
        March 13, 2017

THE LAW OFFICE OF
GEORGE STAVROPOULOS, P.L.L.C.

BY: _____
GEORGE STAVROPOULOS (GS4100)
120 Bay Ridge Avenue
Brooklyn, New York 11220
(718) 797-1212
Gest@StavLaw.com

# ATTORNEY'S AFFIRMATION

STATE OF NEW YORK      )
                       )SS.:
COUNTY OF KINGS        )

I, the undersigned, an attorney admitted to practice law in the Courts of the State of New York, state under penalties of perjury, that I am associated with the law firm of The Law Office of George Stavropoulos, P.L.L.C., the attorneys of record for the plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason the verification is made by me and not by the plaintiff is that plaintiff does not reside in the county in which I maintain my office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Conversations with the plaintiff, and the documents and records maintained in the files of my office.

I affirm that the foregoing statements are true, under penalties of perjury.

Dated: Brooklyn, New York
       March 13, 2017

By: _____
    George Stavropoulos, Esq.